UNITED STATES DISTRICT  
SOUTHERN DISTRICT OF TEXAS  
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 21 2015

David J. Bradley, Clerk of Court

UNITED STATES OF AMERICA § 
§
v. §
§ 15 CR 566
LEE ROY VILLARREAL §
CESAR GARCIA-RIVAS § Criminal No. _____
MARTHA ELIZONDO §
JULIO CESAR PEREZ-RODRIGUEZ §
aka Brema §
EDUARDO MACIAS-GONZALEZ §
aka Lalo §
FNU LNU aka Payaso §
FNU LNU aka Chiapas §

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

### SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

### Count One
(Conspiracy to Possess with Intent to Distribute Cocaine)

From on or about April 1, 2011 to on or about March 10, 2013, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**LEE ROY VILLARREAL
JULIO CESAR PEREZ-RODRIGUEZ aka Brema
and
EDUARDO MACIAS-GONZALEZ aka Lalo**

did knowingly and intentionally conspire and agree together and with other person or persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The controlled substance involved was a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1).

With respect to defendant **LEE ROY VILLARREAL**, the amount involved in the

conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine.

In violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to defendant **JULIO CESAR PEREZ-RODRIGUEZ** aka Brema, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of cocaine.

In violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to defendant **EDUARDO MACIAS-GONZALEZ** aka Lalo, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of cocaine.

In violation of Title 21, United States Code, Section 841(b)(1)(B).

**Count Two**
(Conspiracy to Commit Kidnapping)

From on or about May 19, 2011 to on or about May 28, 2011 in the Southern District of Texas and within the jurisdiction of the Court, defendants

**LEE ROY VILLARREAL**
**CESAR GARCIA-RIVAS**
**MARTHA ELIZONDO**
**FNU LNU aka Payaso**
and
**FNU LNU aka Chiapas**

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors to unlawfully seize, confine, inveigle, decoy, kidnap, abduct and

carry away and hold for ransom, reward and otherwise a person and in committing or in furtherance of the commission of the offense willfully transported said person in interstate and foreign commerce, that is, from Hidalgo County, Texas to the United Mexican States.

In furtherance of the conspiracy and to effect the object of the conspiracy the following overt acts, among others, were committed:

1. On or about May 28, 2011, in the Southern District of Texas, LEE ROY VILLARREAL directed the kidnapping of Ovidio Guerrero;

2. On or about May 28, 2011, in the Southern District of Texas, CESAR GARCIA-RIVAS allowed co-defendants to use his Ford pickup truck to kidnap Ovidio Guerrero;

3. On or about May 28, 2011, in the Southern District of Texas, MARTHA ELIZONDA allowed co-defendants to use her Ford Focus to transport Ovidio Guerrero;

4. On or about May 28, 2011, in the Southern District of Texas, FNU LNU aka Payaso conducted surveillance for law enforcement officers during the kidnapping of Ovidio Guerrero;

5. On or about May 28, 2011, in the Southern District of Texas, FNU LNU aka Chiapas questioned Ovidio Guerrero regarding the stolen cocaine;

6. On or about May 28, 2011, in the Southern District of Texas, Alan Alpizar-Cordoba conducted surveillance for law enforcement officer during the kidnapping of Ovidio Guerrero;

7. On or about May 26, 2011, in the Southern District of Texas, Hector Gabriel Barrios-Hernandez conducted surveillance for law enforcement officers during the kidnapping of Ovidio Guerrero;

8. On or about May 28, 2011, in the Southern District of Texas, Gerardo Villarreal posing as a law enforcement officer transported Ovidio Guerrero in a Ford pickup truck to a residence in the Mission, Texas area;

9. On or about May 28, 2011, in the Southern District of Texas, Jose Lorenzo Davila posing as a law enforcement officer handcuffed Ovidio Guerrero;

10. On or about May 28, 2011, in the Southern District of Texas, Roel Garza conducted surveillance for law enforcement officers during the kidnapping of Ovidio Guerrero.

11. On or about May 28, 2011, in the Southern District of Texas, Orlando Hernandez

conducted surveillance for law enforcement officers during the kidnapping of Ovidio Guerrero.

12. On or about May 28, 2011, in the Southern District of Texas, Jose Guadalupe Garza-Ochoa transported Ovidio Guerrero in a Ford Focus to the banks of the Rio Grande River.

In violation of Title 18, United States Code, Sections 1201(c) and 1201(a)(1).

## Count Three
(Kidnapping)

On or about May 28, 2011 in the Southern District of Texas and within the jurisdiction of the Court, defendants

**LEE ROY VILLARREAL
CESAR GARCIA-RIVAS
MARTHA ELIZONDO
FNU LNU aka Payaso
and
FNU LNU aka Chiapas**

did unlawfully seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold for ransom, reward and otherwise Ovidio Guerrero and in committing or in furtherance of the commission of the offense willfully transported Ovidio Guerrero in interstate and foreign commerce, that is, from Hidalgo County, Texas to the United Mexican States.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## Count Four
(Using, Carrying and Brandishing a Firearm)

On or about May 28, 2011, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**LEE ROY VILLARREAL
FNU LNU aka Payaso
and
FNU LNU aka Chiapas**

did knowingly and intentionally use, carry and brandished a firearm during and in relation to a crime of violence, to-wit: conspiracy to commit kidnapping as charged in Count Two and kidnapping as charged in Count Three for which he may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A), 924(c)(1)(A)(iii) and Section 2.

### Notice of Criminal Forfeiture
(Count One)

Pursuant to Title 21, United States Code, Section 853(a), the United States of America gives notice to the defendant,

LEE ROY VILLARREAL

that, in the event of conviction of the offense charged in Counts One herein, the defendant shall forfeit to the United States of America:

1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

2) all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

The property to be forfeited includes, but is not limited to, approximately $3,500,000.00.

### Money Judgment

Defendant is notified that, upon conviction, the property subject to forfeiture includes, but is not limited to, a money judgment payable to the United States of America in an amount equal to the total value of the property subject to forfeiture. The amount of the money judgment for Count One is estimated to be, but is not limited to, approximately $3,500,000.00.

### Notice of Criminal Forfeiture
(Substitute Property)

If any of the property described above, as a result of any act or omission of any of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 982(b)(1) incorporating Title 21, United States Code, Section 853(p).

                                                          A TRUE BILL

                                                          Original Signature on File
                                                          FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY


ASSISTANT UNITED STATES ATTORNEY