UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 4:15-cr-566-01 |
| | § | |
| LEE ROY VILLARREAL | § | |

**OPPOSED
GOVERNMENT'S MOTION FOR A HEARING
TO INQUIRE ON POTENTIAL CONFLICT OF INTEREST
OF ATTORNEY DANIEL GARCIA**

COMES NOW, the United States of America ("Government") by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorneys Anibal J. Alaniz and Casey N. MacDonald and file this motion requesting a hearing to determine whether defense counsel have a conflict of interest. In support, the Government respectfully shows the Court the following:

**I.**

**Successive Representation of
Benicio Lopez and Lee Roy Villarreal**

1. On September 18, 2014, officers arrested Benicio Lopez ("Lopez") for aggravated robbery and aggravated assault in Case No. 14-CR-745 in the 229th Judicial District Court of Starr County, Texas.

2. Attorney Daniel Garcia ("Attorney Garcia") represented Lopez in Criminal No. 14-CR-745.

3. On August 3, 2016, the 229th Judicial District Court Judge sentenced Lopez to 12 years in prison.

1

4. On October 21, 2015, a grand jury returned an indictment in this case charging defendant Lee Roy Villarreal ("Villarreal") with a drug trafficking conspiracy, kidnapping conspiracy, kidnapping and using a firearm during and in relation to a crime of violence.

5. Villarreal retained Attorney Garcia and three other attorneys to represent him in this case.

6. Subsequent to Villarreal's arrest, Lopez agreed to cooperate with the Government and debriefed regarding his involvement and the involvement of Villarreal in drug trafficking activities. Specifically, Lopez told agents that Villarreal received and coordinated the transportation of controlled substances sent by his brother, Miguel Villarreal, from Mexico into the United States. Furthermore, Lopez told agents that in the summer of 2012 he coordinated the delivery of approximately 1,000 pounds of marijuana to Villarreal.

7. Lopez has agreed to testify at the trial of Villarreal.

## II.

## Government's Duty to Alert the Court of Conflicts

8. The undersigned Assistant United States Attorneys have a duty to represent the United States competently and diligently by addressing opposing counsel's actual or potential conflicts of interest, particularly in criminal proceedings, where there is a risk that a criminal defendant may later raise an ineffective assistance of counsel claim. In order to protect the defendant's right to assistance of counsel and protect the integrity of current and future proceedings, the Government requests the Court hold a hearing to determine if any conflicts exist and, if so, whether Villarreal can waive any conflict that may exist.

## III.

## Hearing is Necessary to Determine whether a Potential or Actual Conflict of Interest Exist

9. When defense counsel has an apparent conflict of interest, the trial court should hold a hearing in accordance with the 5th Circuit seminal decision in *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975). "A resolution of the problem requires a cautious and sensitive consideration and balancing of individual constitutional protections, public policy and public interest in the administration of justice, and basic concepts of fundamental fairness." *Id.* at 273. If the hearing evidences the existence of a conflict of interest, the trial court must ensure that the defendant is fully comprised of the ramifications of the conflict. Should a defendant desire to waive the conflict, the trial court must establish on the record that the defendant knowingly, intelligently and voluntarily waives the inherent disqualification. *Id.* at 274.

## IV.

## Legal Authorities

A.  Conflicts of Interests in General

10. The Sixth Amendment guarantees a defendant's right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed. 3d 763 (1970). There is also a correlative right to representation that is free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 101 S. Ct. 1097, 67 L. Ed. 2d 220 (1981). An actual conflict exists when "defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Perillo v. Johnson*, 205 F.3d 775, 782 (5th Cir. 2000).

11. Post-trial claims that counsel acted under the influence of an actual conflict that

adversely affected counsel's performance at trial are governed by *Cuyler v. Sullivan,* 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980). The *Cuyler* standard differs substantially from the pure ineffective assistance standard established by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 3d 674 (1984). *Strickland* requires a showing that counsel's performance was deficient, in that it fell below an objective standard of reasonableness, as well as a showing of prejudice. *Cuyler*, however, holds that an actual conflict carries a presumption of prejudice without the necessity of further inquiry into the effect of the actual conflict on the outcome of the defendant's trial.

12.     A defense counsel's conflict of interest can adversely affect a defendant's right where defense counsel fails to pursue some plausible alternative defense tactic because the actual conflict impaired counsel's performance. *Perillo,* 205 F.3d at 782.

B.     The Right to Counsel of Choice is Not Absolute

13.     The Sixth Amendment "guarantee[s] an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States,* 486 U.S. 153, 108 S. Ct. 1692, 100 L. Ed. 3d 140 (1988). A criminal defendant who desires and is financially able to retain his own counsel "should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158 (1932).   However, the right to assistance of counsel at trial does not guarantee that a criminal defendant will be represented by a particular attorney. *Caplin & Drysdale v. United States*, 491 U.S. 617, 624, 109 S. Ct. 2646, 105 L. Ed. 2d 528 (1989); *Wheat*, 486 U.S. at 159. Although there is a presumption in favor of a defendant's counsel of choice, that presumption may be overcome by the existence of an actual conflict or by evidence of a serious potential for conflict.

*Id.* at 164.

  C. A defendant's Right to Waive Conflicts of Interests is Not Absolute

  14. A defendant's right to conflict-free counsel may be waived, provided that all clients agree to waive the conflict. *Garcia,* 517 F.2d at 272. However, an accused's right to waive conflict-free representation is not absolute. *United States v. Snyder,* 707 F.2d 139 (5th Cir. 1983). In determining the validity of a waiver, the district court is afforded "'substantial latitude in refusing waivers of conflicts of interest not only if an actual conflict is demonstrated, but in cases where a potential for conflict exists which may result in an actual conflict as the trial progresses." *United States v. Vasquez*, 995 F.2d 40, 42 (5th Cir. 1993).

  15. Where a conflict inures to the detriment of the accused, a "waiver by the accused of the conflict can conceivably alleviate the constitutional defect, so long as the representation by counsel does not seriously compromise the integrity of the judicial process." *United States v. Locascio*, 6 F.3d at 924 (2nd Cir. 1993).

  16. Where the conflict endures to the detriment of the Government by giving the defendant an unfair advantage, or, where the conflict inures to the detriment of the court because the fact finding process is impaired, "[w]aiver by the defendant is ineffective in curing the impropriety in such situations, since [the defendant] is not the party prejudiced." *Id.*

  17. The 5th Circuit requires "affirmative judicial involvement in the waiver process" in order to find a valid waiver of the Sixth Amendment right to conflict-free counsel. *Mata v. Johnson*, 210 F.3d 324, 330-331 (5th Cir. 2000) (a district court should scrupulously and carefully evaluate the defendant's effort to waive his constitutional rights and to 'actively participate in the waiver decision). The procedure that a district court should follow when faced with a criminal

5

defendant who wishes to waive his right to a conflict-free defense attorney is akin to FED. R. CRIM. P. 11 whereby the defendant's voluntariness and knowledge of the consequences of a guilty plea will be manifest on the face of the record. *Id*. at 330-331.

  D.  Court's Duty to Protect the Integrity of the Judicial Process

  18.  Disqualification of an attorney may also be based on a court's duty to protect integrity of the judicial system. *United States v. Greig,* 967 F.2d 1018, 1024 n. 17 (5th Cir. 1992).

  19.  In evaluating and determining the potential effect on the integrity of the judicial system, the Court will look at the current national standards of legal ethics. *See United States v. Rico*, 51 F.3d 495, 511 (5th Cir. 1995).

## V.

## **Legal Analysis**

  20.  The issue in this case is whether Attorney Garcia's prior representation of Lopez creates a potential conflict of interest in his representation of Villarreal in this case.

  21.  Conflicts of interest can arise in many contexts, although all share the same essential feature, which is the prospect that counsel may suffer some impairment that implicates the ability to give the client undivided loyalty and effort.

  22.  A frequent conflict of interest involves the successive, non-contemporaneous, representation of two or more defendants in different criminal actions, such as a former client of the attorney who is a witness for the prosecution in a case where the attorney represents the defendant. This is the situation in this case.

  23.  Based on his prior representation, Attorney Garcia possesses privileged information that he obtained from Lopez. Because Lopez is now a witness for the government, Attorney Garcia

faces the question of whether he can effectively cross-examine Lopez at any pre-trial hearing, at trial or at any post-trial hearings.

24. There is no question that Attorney Garcia has an actual conflict in his representation of Villarreal. See, *United States v. Martinez*, 630 F.2d 361, 362–63 (5th Cir. 1980) (finding a conflict when an attorney previously represented a witness who testified against a current client in a related matter).

25. Even if Villarreal were to elect to waive this conflict in successive representation, the court is not obligated to accept the waiver of a potential or actual conflict and may recuse counsel. *Wheat*, 486 U.S. at 159.

## VI.

## Conclusion

26. Attorney Garcia has an actual conflict of interest due to his successive representation of Lopez and Villarreal. Continued representation could create a post-conviction challenge to any conviction against Villarreal for violation of his right to conflict free counsel and might undermine the integrity of the judicial process.

27. For all the foregoing reasons, the Government respectfully requests that this Court set this matter for a hearing to determine whether (a) a potential or actual conflict exists, (2) whether Villarreal can effectively waive any such conflict and (3) whether Attorney Garcia should be disqualified.

    Respectfully submitted,

    RYAN K. PATRICK
    United States Attorney

    */s/ Anibal J. Alaniz*

7

        Anibal J. Alaniz
Assistant United States Attorney
Texas State Bar No. 00966600
Federal I.D. No.12590
1000 Louisiana
Suite 2300
Houston, Texas 77002
(713) 567-9000 (office)
(713) 567-9487 (direct)

*/s/ Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney
Federal Bar No. 915752
New Jersey Bar No.043362000
1000 Louisiana
Suite 2300
Houston, Texas 77002
(713) 567-9000 (office)
(713) 567-9798 (direct)

## CERTIFICATE OF CONFERENCE

On January 23, 2018, undersigned counsel conferred with counsel of record regarding the Government's Motion Requesting a Hearing to Inquire into Potential Conflicts of Interest of Attorney Daniel Garcia and counsel indicated they were opposed to this motion.

*/s/ Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney

*/s/ Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney

## CERTIFICATE OF SERVICE

On January 23, 2018, the Government's filed the Opposed Motion Requesting a Hearing to Inquire into Potential Conflicts of Interest of Attorney Daniel Garcia by ECF and served counsel of record.

*/s/ Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney

*/s/ Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney

9