IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CAUSE NO. 4:15-CR-00566 |
| LEE ROY VILLARREAL | § § § | |

## MOTION FOR DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LEE ROY VILLARREAL, Defendant in the above entitled and numbered cause, and files this Motion for Discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v Maryland,* 373 US 83 (1963), *Giglio v United States,* 405 US 150 (1972), and the *Jencks Act,* 18 USC 3500, moves this Court to enter an Order directing the United States to produce additional discovery.

1. **Related File: McAllen DEA File MS-11-0037** – This, we believe, is an investigation into the distribution of cocaine coming out of Mexico in the McAllen area. It includes interviews with the Government's key witness, Hector Barrios-Hernandez, about "Gringo Mike" and his associates. If Mr. Barrios-Hernandez was being interviewed about Gringo Mike's enterprise (of which our client is alleged to have been a major component) in connection with that case, it stands to reason that the cases are related. While the Government has agreed to provide Mr. Barrios-Hernandez's specific interviews, it declined to provide any other evidence in that file. We are requesting statements made by any witnesses or suspects in that case file related to the distribution of cocaine into the United States by the Gulf Cartel. The lack of any statement or information about Defendant Villarreal in that investigation into the cocaine

distribution is relevant, material, and exculpatory as our theory of the case relies heavily on proving a negative – that he was not involved at all.

2. **Interviews and recorded meetings of SA-242-FD** – This involves an investigation by Homeland Security into drug trafficking that targeted Miguel Villarreal, Jr. (Gringo Mike's son) and Norberto Soto-Chavez. Again, it covers the distribution of cocaine into the United States by the Gulf Cartel – exactly what Defendant Villarreal is charged with overseeing during the relevant time period. Again, it involves individuals that are also implicated in the instant case against Defendant Villarreal. The lack of any statement or information about Defendant Villarreal in that investigation into cocaine distribution is relevant, material, and exculpatory as our theory of the case relies heavily on proving a negative – that he was not involved at all.

3. **Recordings of S-00046851** – S-00046851 will be testifying against Defendant Villarreal. There are recordings of statements made by S-00046851 and meetings involving that individual. The Government's response to this request was that the cooperation referenced in these reports was not targeting Defendant Villarreal. These recordings are a part of the main FBI casefile for the investigation into Defendant Villarreal. If they involve any cocaine or marijuana distribution by the Gulf Cartel, we believe they are relevant, material, and exculpatory.

4. **Wiretaps obtained by the Government in any investigation from April 1, 2011 to February 20, 2016 containing discussions of or information about the distribution of cocaine or marijuana by the Gulf Cartel or the Zetas from Tamaulipas into Texas.** While this is a broad request, it is a highly important one. The U.S. Government conducted a large number of investigations into the distribution of controlled substances by the Gulf Cartel and the Zetas out of Tamaulipas during the conspiracy

time period alleged in this indictment. Many indictments resulted from these investigations prior to Defendant Villarreal being arrested or even considered a suspect. Additionally, the evidence against Defendant Villarreal that has been provided concerns a number of "sub-conspiracies" that have little connection to one another and almost no overlapping witnesses. The defense at trial to the drug conspiracy charge is, as previously mentioned, an exercise in proving a negative. If not the wiretaps themselves, we believe we are entitled to the reports and summaries from the overlapping investigations as they are relevant, material, and exculpatory evidence.

5. **Any communications, notes, reports, or recordings made during debriefings and/or meetings with the witnesses** in this case since our last court date where it was indicated that the government was planning on conducting such once the pandemic allowed. Please note that the Government has indicated it will provide these as they re-interview witnesses in preparation for trial. In an abundance of caution, we include this request in this motion as well.

6. **Any communication, notes, or reports regarding whether to ask any witness to ID Lee Roy Villarreal's photograph during any debriefing.** Please note that the Government has indicated it will look into this and provide what they find, if anything, that has not yet been turned over to the defense. In an abundance of caution, we include this request in this motion as well.

7. **Plea agreements signed by any witness in a district where the plea agreements are sealed.** A number of plea agreements for testifying witnesses that relate to the instant case or any pending federal prosecution are unavailable on PACER as most jurisdictions seal them. These agreements are relevant for impeachment purposes – both for the factual information included and for any potential promises made to these

witnesses. Please note that the Government has indicated it will provide many of these, and we will continue to work together to resolve as many of these as possible. However, we believe a number of these agreements may require a ruling from the Court, and will supplement this motion at the pre-trial hearing with those specific requests.

The requested items are material and necessary to the preparation of an adequate defense as guaranteed every person by the Constitution of the United States. The above items requested are within the exclusive control of the federal government, or other agencies acting in conjunction with the federal government, that inasmuch as the defendant, and his counsel, have no executive power, the materials requested herein are unavailable to the defendant. Defendant Villarreal has requested the United States Attorney to make the foregoing available for inspection and copying on a voluntary basis. This request has been declined except as otherwise indicated above.

WHEREFORE, PREMISES CONSIDERED, the defendant, LEE ROY VILLARREAL, prays that this Honorable Court order the United States attorney to produce the above-mentioned evidence to the defendant's counsel for copy and inspection.

Respectfully submitted,
/s/ Angelica Cogliano
Angelica Cogliano
Attorney for Defendant
SBN: 24101635
Law Office of E. G. Morris
2202 Lake Austin Blvd.
Austin, Texas 78703
Phone (512) 478-0758
Fax (877) 497-8347
Email aac@egmlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2021, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

/s/ Angelica Cogliano
Angelica Cogliano

CERTIFICATE OF SERVICE

I hereby certify that I, Angelica Cogliano, have conferred with Assistant U.S. Attorney Anibal Alaniz concerning the items included in this motion and he was opposed to the relief requested except as otherwise indicated in the motion.

/s/ Angelica Cogliano
Angelica Cogliano