UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | Criminal No. 4:15-cr-0566 |
| LEE ROY VILLARREAL | § § | |

**GOVERNMENT'S NOTICE OF ITS INTENT TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS (FEDERAL RULE OF EVIDENCE 404(b))**

The United States of America ("Government") files this Notice of its Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts pursuant to Federal Rule of Evidence 404(b) in its case-in-chief. The government will introduce this evidence to prove Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident.

I.

The Government will seek to introduce the following evidence during its case-in-chief:

A.

<u>Motor Vehicle Stop and Search of the Defendant's residence on June 18, 2007</u>

HSI Special Agent Scott Robles will testify that law enforcement officers conducted a motor vehicle stop of a vehicle the Defendant was driving on June 18, 2007 in Rio Grande City, Texas. Two passengers, Osbaldo Vela and Lazaro Ruben Perez, were also in the vehicle. Upon searching the vehicle, officers found red and blue emergency police lights and a ski mask. Officers then obtained consent to search the Defendant's residence located at 1105 Houston Street in Rio Grande City. Inside the Defendant's bedroom, agents found six handguns, three rifles, 22 boxes of assorted ammunition, $44,796 in cash and 192 grams of marijuana.

1

B.

<u>Seizure of $11,981 from the Defendant's vehicle on June 5, 2009</u>

Border Patrol Agent Samuel Salinas will testify that on June 5, 2009, he selected the Defendant's vehicle for inspection at the Rio Grande City Port of Entry. The Defendant was driving the vehicle and headed southbound to Carmago, Tamaulipas, Mexico. Shanta Salinas and Kimberly Alaniz were passengers. Agents asked the Defendant if he had any currency in excess of $10,000 to declare prior to leaving the United States. The Defendant told agents he did not. Inside the vehicle, agents found a total of $11,981 held amongst all three occupants. The Defendant later told agents that the money belonged to him and admitted to separating the money to avoid the currency reporting requirements.

II.

**F.R.E. 404(b)**

Evidence of other crimes or bad acts may be introduced to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident under F.R.E. 404(b).  In the Fifth Circuit, there is a two-pronged test to determine the admissibility of such evidence.  *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978).  First, the court must determine if the extrinsic evidence is relevant to an issue other than the defendant's character. Secondly, the evidence must possess probative value that is not substantially outweighed by undue prejudice.

The evidence of the Defendant's possession of police lights and a ski mask is relevant to the Defendant's knowledge, motive and opportunity to participate in the charged kidnapping offenses. Police lights and ski masks are often tools of the trade used by people posing as law enforcement to commit crimes. In this case, the Defendant's co-conspirators in the kidnapping

offenses posed as law enforcement officers and used vehicles equipped with police lights when they abducted the victim. *See United States v. Warfield*, 97 F.3d 1014, 1025-26 (8th Cir. 1996)(holding bad act evidence of robbery tools of the trade—masks, gloves, bandana, pillowcase and guns--seized in prior traffic stop was admissible to show common plan or scheme in defendant's bank robbery case).

The evidence of the Defendant's possession of nine firearms, 22 boxes of ammunition and bulk cash is relevant to establish intent, knowledge, preparation, plan, motive and opportunity to participate in the charged drug trafficking conspiracy. The Government's evidence is that the Defendant's role in the drug trafficking conspiracy was to, among other things, supply firearms and ammunition to his brother, Gringo Mike, and Gulf Cartel members. The firearms and ammunition were needed for cartel members to further drug trafficking operations and to protect their territory from rival cartels. The Defendant was also involved in the transportation of bulk cash drug proceeds back to cartel members in Mexico.

The evidence of the Defendant attempting to transport $11,981 in cash to Mexico is relevant to establish intent, knowledge, preparation, plan, motive and opportunity to participate in the charged drug trafficking conspiracy. One of the Defendant's role in the drug trafficking conspiracy was to transport and coordinate the transportation of bulk cash drug proceeds to cartel members in Mexico.

The Fifth Circuit has held that evidence of the defendant's possession of firearms, large sums of cash, and other drug-related paraphernalia is admissible as "tools of the trade" because it is circumstantial evidence that defendant was involved in drug trafficking. *United States v. Jackson*, 390 F.3d 393, 399 n.7 (5th Cir. 2004) (firearms are tools of the trade in drug transactions)*; United States v. Martinez,* 808 F.2d, 1050, 1057 (5th Cir. 1987)(upholding district court's

admission of firearm evidence in drug case finding firearms are "tools of the trade" of those engaged in illegal drug activities and are highly probative in proving criminal intent;" also noting that he inference of an illegal enterprise that arises from the pistol's presence supported the conspiracy theory on which Martinez was tried).

For these reasons, the evidence is relevant to an issue other than the Defendnat's character and satisfies the first *Beechum* prong.

The second step of the *Beechum* analysis requires the court to weigh the probative value of the evidence against its prejudicial effect and exclude it only if the prejudice substantially outweighs the probative value. It is axiomatic that any evidence of guilt is prejudicial, and for that reason 404(b) evidence cannot be excluded simply for being prejudicial, but like any evidence, it may be excluded under Rule 403 if its prejudicial effect substantially outweighs its probative value. The probative value is based in a large part on the necessity for the evidence in order to meet the burden of beyond a reasonable doubt. *United States v. Baldarrama*, 566 F.2d 560, 568 (5th Cir. 1978). Because evidence of the defendant's possession of firearms, ammunition, bulk cash, police lights and a ski mask and is not of a heinous nature and will not constitute cumulative evidence, confuse the issue, mislead the jury or cause undue delay, there is little, if any, danger of unfair prejudice. *See Beechum, supra,* 582 F.2d at 917 (finding that factors to consider when analyzing the prejudicial effect of the extrinsic evidence is whether the evidence is "heinous in nature; would incite the jury to irrational decision by its force on human emotion, confuse the issues, mislead the jury, cause undue delay or waste time"). Lastly, the Court can guard against any unduly prejudicial effect by giving the jury appropriate limiting instructions.

### III.   Conclusion

The evidence of the Defendant's participation in these transactions is properly admissible under Rule 404(b) to establish motive, opportunity, intent, preparation, plan, knowledge and identity. The government is not offering defendant's prior bad acts as evidence of his character, the only impermissible purpose of such evidence under Rule 404(b). Therefore, the court should allow the Government to offer the evidence in its case in chief.

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney


*s/ Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney
Texas Bar No. 00966600
Federal I.D. No. 12590
1000 Louisiana
Suite 2300
Houston, Texas 77002

*s/ Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney
New Jersey State Bar No. 043362000
Federal Bar No. 915752
1000 Louisiana
Suite 2300
Houston, TX 77002
713-567-9000 (office)
713-567-9798 (direct)

### CERTIFICATE OF SERVICE

On May 18, 2021, the Government filed its Notice of its Intent to Introduce Intrinsic Evidence and/or Evidence of Other Crimes, Wrongs, or Acts by ECF and sent to counsel of record.

*s/ Anibal J. Alaniz*
Anibal J. Alaniz

Assistant United States Attorney

***s/ Casey N. MacDonald***
Casey N. MacDonald
Assistant United States Attorney