UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § | Criminal No. 4:15-cr-0566 |
| LEE ROY VILLARREAL | § | |

### GOVERNMENT'S OPPOSED MOTION TO EXCLUDE EXPERT WITNESSS

The United States of America ("Government") files this Motion to Exclude Expert witness:

I.

Fed. Rule of Crim. Proc. 16(b)(1)(C) provides that the defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if--

(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or

(ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

1

Fed. Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

## II.

1. On August 24, 2017, the Defense filed a motion for disclosure of expert witness. (D.E. 102).

2. On September 8, 2017, U.S. District Judge Melinda Harmon signed an order granting the Defense motion for disclosure of expert witness (D. E. 107).

3. On January 28, 2018, the Government filed a request for reciprocal discovery (D.E. 137) which included a request for notice of expert witness pursuant to Fed. Rule of Crim. Proc. 16.

4. On March 15, 2018, U.S. District Judge Melinda Harmon signed an order requiring the Defendant to comply with the requirements of Rule 16 and 26.2 (D.E. 152),

5. Today, on June 11, 2021, counsel for the Defendant emailed the undersigned and indicated it intends to call an expert witness, Cristina Helmerichs. The defense indicated that Ms. Helmerichs "has more than 25 years of interpreting and translation experience as an English into Spanish conference and judicial interpreter. She is certified by the Administrative Office for the U.S. Courts and the National Association of Judiciary Interpreters and Translators (NAJIT). Ms. Helmerichs will testify that she has listened to the recording and reviewed the side by side transcripts and translations of the recorded conversation under File Number 245C-SA-63125, and that during the conversation it is difficult to specify with certainty who the speaker is at times."

6. Defense counsel also provided a resume for Ms. Helmerich and a letter summarizing her opinion. (Letter opinion attached as Exhibit 1). According to her letter, Ms. Helmerich will testify that she finds "it is extremely difficult to distinguish between the voices that are heard on the tape. In the transcription, there are occasions that a single speaker is identified when there seem to be more than one voice speaking." For this reason, she cannot concur with the identification of voices made in the document provided by the defense. (presumably the transcript of audio recording, Exhibit 39 on Government's Exhibit List).

7. The recording is in Spanish and 56 minutes and 37 seconds in length. The transcript of the recording is 83 pages.

8. There are four people on the recording: Juan Colin Alvarez, the Defendant, the Defendant's nephew, Michael Villarreal and a male known only as Luis.

III.

The Defense has failed to file an appropriate notice of expert as required by Fed. Rule of Crim. Proc. 16(b)(1)(C). Even assuming the Court views counsel's emails as notice under the Rule, the "notice" does not comply with Fed. Rule of Crim. Proc. 16(b)(1)(C) because it fails to adequately describe the witness's opinion with specificity and the bases and reasons for the opinion. The letter from the defense expert fails to specify which portions of the audio recording the expert had "difficulty to specify with certainty" the speaker. The letter from the expert fails to identify which pages of the transcript she disagrees with. The letter from the expert fails to explain how she reviewed the audio, how many times she reviewed it and how long her review took.

Testimony concerning an interpreter/translator's difficulty in distinguishing voices at unknown times on a recording does not meet F.R.E. 702 and the case law following *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The anticipated testimony is likely to confuse, waste time and/or mislead the jury under F.R.E. 403. For these reasons, the testimony of the witness should be excluded.

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney

**s/ *Anibal J. Alaniz***
Anibal J. Alaniz
Assistant United States Attorney
Texas Bar No. 00966600
Federal I.D. No. 12590
1000 Louisiana
Suite 2300
Houston, Texas 77002
713-567-9000 (office)
713-567-9487 (direct)

*s/ Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney
New Jersey State Bar No. 043362000
Federal ID No. 915752
1000 Louisiana
Suite 2300
Houston, Texas 77002
713-567-9000 (office)
713-567-9798 (direct)

## CERTIFICATE OF SERVICE

On June 11, 2021, the Government filed this Motion to Exclude Alibi witness by ECF and sent to counsel of record.

*s/ **Anibal J. Alaniz***
Anibal J. Alaniz
Assistant United States Attorney

*s/ **Casey N. MacDonald***

Casey N. MacDonald
Assistant United States Attorney