UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal No. 4:15-cr-0566 |
| § | |
| LEE ROY VILLARREAL § | |

**GOVERNMENT'S NOTICE OF ITS INTENT TO INTRODUCE
INTRINSIC EVIDENCE AND/OR EVIDENCE OF OTHER CRIMES, WRONGS
OR ACTS (FEDERAL RULE OF EVIDENCE 404(b))**

The United States of America ("Government") files this Notice of its Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts pursuant to Federal Rule of Evidence 404(b) in its case-in-chief:

I.

Although the Government believes that the following evidence is intrinsic, rather than extrinsic evidence, and therefore not 404(b) evidence, the government, in an abundance of caution, is giving notice of the following evidence.

II.

The Government will offer this evidence as background information to establish the relationship between Lee Roy Villarreal ("Defendant") and unindicted co-defendants.

III.

Alternatively, if the following evidence is determined to be 404(b) evidence, the Government will introduce this evidence to prove Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident.

.

1

IV.

The Government will seek to introduce the following evidence during its case-in-chief:

Luis Rivera will testify that in the summer of 2009 he and his associate, Ezekiel Mata, received two marijuana loads from the Defendant and the Defendant's associate, Daniel Serna. Both loads were transported from South Texas to Michigan. Rivera and his associates received the marijuana in Michigan and further distributed it.

V.

Evidence is Intrinsic Not Extrinsic

Although the government, in an abundance of caution, is providing the Defendant with 404(b) notice, the evidence detailed in the notice is intrinsic rather than extrinsic. 404(b) is not implicated if the evidence is intrinsic to the acts charged against the Defendant. *United States v. Stephens*, 571 F.3d 401, 410 (5th Cir. 2009). Evidence is intrinsic 'when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or other acts were necessary preliminaries to the crime charged." *United States v. Watkins*, 591 F.3d 780, 784 (5th Cir. 2009 (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). And, acts committed in furtherance of the charged conspiracy are themselves part of the act charged and therefore qualify as intrinsic evidence. *United States v. Ceballos,* 789 F.3d 607, 621 (5th Cir. 2015).

Furthermore, the Fifth Circuit has held that intrinsic evidence is admissible 'so that the jury may evaluate all the circumstances under which the defendant acted.'" *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992). "Evidence is intrinsic to a conspiracy if it is relevant to show how the conspiracy came about, how it was structured, and how each appellant became a member."

*United States v. Sangs*, 163 F.3d 1355 (5th Cir. 1998 (citing *United States v. Lokey*, 945 F.2d 825, 835 (5th Cir. 1991)).

In *United States v. Royal*, 972 F.2d 643, 647-48 (5th Cir. 1992), Royal was convicted of conspiracy to possess cocaine with intent to distribute. On appeal, Royal contended the district court improperly admitted evidence of his imprisonment and cocaine distribution prior to the charged conspiracy in violation of 404(b). *Id*. at 647. The Fifth Circuit held that the evidence was admissible intrinsic evidence that provided background information which was necessary to show the Royal's relationship with a co-conspirator. The Fifth Circuit went on to state "[I]n this case, the evidence pertaining to the Defendant's relationship with LeBoeuf, particularly as it involved prior drug transactions, was relevant to the crime charged in that it allowed the jury to understand the nature of the relationship between the two and evaluate whether it was likely that the Defendant would have conspired with LeBoeuf as charged." *Id*. at 648.

In *United States v. Miranda*, 248 F.3d 434, 440-41 (5th Cir. 2001), the Miranda was convicted of conspiracy to possess with intent to distribute and distribution of various controlled substances. Miranda challenged the district court's admission of testimony from another witness that she had bought drugs from him in earlier years as inadmissible 404(b) evidence. *Id*. The Fifth Circuit found that the evidence constituted intrinsic background evidence that the Government appropriately used as background information to establish the connection between a witness and Miranda. *Id*. at 441.

As in *Royal* and *Miranda*, the testimony of Luis Rivera constitutes evidence of the Defendant's participation in drug transactions during or near the time period of the conspiracy is intrinsic to the crime charged, as it is inextricably intertwined background information and helpful

to explain the relationship between co-conspirators and the existence of an ongoing drug trafficking conspiracy.

## VI.

If the Court were to determine that this evidence is not admissible as "intrinsic" evidence, this evidence is admissible under Rule 404(b).

Evidence of other crimes or bad acts may be introduced to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident under 404(b). In the Fifth Circuit, there is a two-pronged test to determine the admissibility of such evidence. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). First, the court must determine if the extrinsic evidence is relevant to an issue other than the defendant's character. Secondly, the evidence must possess probative value that is not substantially outweighed by undue prejudice.

In *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996), the Fifth Circuit held that in cases where a defendant is charged with a drug conspiracy, the mere entry of a guilty plea raises the issue of intent to justify the admissibility of extrinsic evidence. Where the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and the trial court is only required to considered whether the requirements of Fed. Rule Evidence 403 are met under *Beechum's* second prong.

In this case, as in *Broussard* , the evidence is relevant and probative of the Defendant's intent to participate and knowledge of the conspiracy to possess with intent to distribute controlled substances.

The second step of the *Beechum* analysis requires the court to weigh the probative value of the evidence against its prejudicial effect, and exclude it only if the prejudice substantially

outweighs the probative value. It is axiomatic that any evidence of guilt is prejudicial, and for that reason 404(b) evidence cannot be excluded simply for being prejudicial, but like any evidence, it may be excluded under Rule 403 if its prejudicial effect substantially outweighs its probative value. The probative value is based in a large part on the necessity for the evidence in order to meet the burden of beyond a reasonable doubt. *United States v. Baldarrama*, 566 F.2d 560, 568 (5th Cir. 1978).

Because evidence of the Defendant's drug transactions involving marijuana that pre-dates the indictment is not of a heinous nature and will not constitute cumulative evidence, confuse the issue, mislead the jury or cause undue delay, there is little, if any, danger of unfair prejudice. See *Beechum, supra,* 582 F.2d at 917. Furthermore, the evidence of the Defendant's participation in drug transactions involved marijuana, for which he is not charged, does not make the analysis any different. In **United States v. Ortega**, 619 Fed Appx 389 (5th Cir. 2015), the Fifth Circuit held that "although Ortega's prior offense involved a different drug and a different method of smuggling, evidence of drug trafficking is typically probative of a defendant's knowledge and intent to commit a charged drug offense. Citing, *United States v. Duffaut*, 314 F3d 203, 209 (5th Cir. 2002).

Lastly, the Court can guard against any unduly prejudicial effect by giving the jury an appropriate limiting instructions as to how the jury can use this type of evidence.

VII.

Conclusion

The evidence of the Defendant's participation in drug transactions two years prior to the charged conspiracy is intrinsic evidence, as it is inextricably intertwined background information and helpful to explain the relationship between unindicted conspirators and the existence of an ongoing drug business. Alternatively, this evidence is properly admissible under 404(b) to

establish the Defendant's intent to participate and knowledge of the conspiracy to possess with intent to distribute controlled substances. The Government is not offering this evidence as of Defendant's character, the only impermissible purpose of such evidence under 404(b). Therefore, the court should deny the Defendant's motion to suppress and allow the Government to offer the testify of Luis Rivera in its case in chief.

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney

s/ *Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney
Texas Bar No. 00966600
Federal I.D. No. 12590
1000 Louisiana
Suite 2300
Houston, Texas 77002

s/ *Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney
New Jersey State Bar No. 043362000
Federal Bar No. 915752
1000 Louisiana
Suite 2300
Houston, TX 77002
713-567-9000 (office)
713-567-9798 (direct)

**CERTIFICATE OF SERVICE**

On June 14, 2021, the Government filed its Notice of its Intent to Introduce Intrinsic Evidence and/or Evidence of Other Crimes, Wrongs, or Acts by ECF and sent to counsel of record.

s/ *Anibal J. Alaniz*
Anibal J. Alaniz

                Assistant United States Attorney

                ***s/ Casey N. MacDonald***
                Casey N. MacDonald
                Assistant United States Attorney