UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 4:15-cr-0566-S1 |
| | § | |
| LEE ROY VILLARREAL | § | |

**GOVERNMENT'S TRIAL BRIEF**

The United States of America ("Government") files this trial brief regarding the following issues: (1) admissibility of co-conspirator statements under Fed. Rule of Evidence 801(d)(2)(E) and (2) admissibility of Defendant's character under to Fed. Rule of Evidence 404 and 405:

I.

Co-conspirator Statements
(Fed. Rule of Evidence 801(d)(2)(E))

Federal Rule of Evidence 801(d)(2)(E) defines statements that are offered against an opposing party and that were made by the party's co-conspirator during and in furtherance of the conspiracy as non-hearsay. The Government anticipates introducing co-conspirator statements during its case-in-chief.

A.
Co-conspirator Statements are not Testimonial

The U.S. Supreme Court held in *Crawford v. Washington*, 541 U.S. 36 (2004) that the Sixth Amendment Confrontation Clause bars the admission of "testimonial" hearsay unless (1) the declarant testifies at trial or (2) the declarant is unavailable to testify and was previously subjected to cross-examination concerning the statement. Without articulating a comprehensive definition, the *Crawford* Court described "testimonial" as "typically a solemn declaration or affirmation made for the propose of establishing or proving some fact. This includes, "at a

1

minimum, prior testimony at a preliminary hearing, before a grand jury, or at a formal trial," as well as "police interrogations." *United States v. Noria*, 945 F.3d 847 (5th Cir. 2019).

In *United States v. Holmes*, 406 F.3d 337, 348 (5th Cir. 2005), the Court held that co-conspirator statements under Fed. Rule of Evidence 801(d)(2)(E) are not testimonial and therefore not subject to *Crawford*.

B.

Admissibility of Co-conspirator Statements

In determining whether to introduce a co-conspirator statement, the trial court must decide, by a preponderance of the evidence, that there is enough evidence of a conspiracy involving the declarant and the non-offering party and that the statement was made "in the course of and furtherance of the conspiracy." *Bourjaily v. United States*, 483 U.S. 171 (1987); *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (*Bourjaily,* however modified *James*. The Supreme Court allowed the trial court to consider the hearsay statements sought to be admitted along with the other evidence when making a preliminary determination as to the conspiracy's existence and the defendant's participation in it.)

C.

In the Course and Furtherance of the Conspiracy

Once the trial court determines that there is sufficient evidence of the conspiracy, it must determine whether the statement was made in the course and furtherance of the conspiracy. In this case, the Government intends to introduce co-conspirator statements that identify the Defendant as well as his role in the drug trafficking and kidnapping conspiracies.

Statements of a co-conspirator identifying a fellow co-conspirator are made in furtherance of the conspiracy. *United States v. Williams*, 604 F.2d 1102, 1113 (8th Cir. 1979); *United States v. Roldan-Zapata*, 916 F.2d 795, 803 (2nd Cir. 1990) (where co-defendant told a potential drug

purchaser that the defendant was "El Jefe" – "the boss" – that statement was admissible as a co-conspirator statement since it "furthered the conspiracy's purpose by informing [the purchaser] of the identity and role of [the defendant] and reassuring him to proceed with the transaction in the presence of someone with whom he was not familiar").

The Court in *United States v. Broussard*, 80 F.3d 1025, 1039 (5th Cir. 1996) held that the requirement that a co-conspirator's statement be "in furtherance of" the conspiracy is not to be construed too strictly lest the purpose of the exception be defeated.

The 5th Circuit has found that the following statements to be "in furtherance of" a conspiracy: a statement that identifies the role of one co-conspirator to another; statements conveying "information [that] could have been intended to affect future dealings between the parties; and puffing, boasts, and other conversation . . . when used by the declarant to obtain the confidence of one involved in the conspiracy. *United States v. Burton*, 126 F.3d 666 (5th Cir. 1997).

The 10th Circuit has found the following statements to be "in furtherance of" a conspiracy: statements explaining events of importance to the conspiracy; statements between co-conspirators with provide reassurance; statements which serve to maintain trust and cohesiveness among them; statements which inform each other of the current status of the conspiracy; statements identifying a fellow co-conspirator; and discussions of future intent that set transactions to the conspiracy in motion or that main the flow of information among conspiracy members. Additionally, statements identifying members of the conspiracy, discussing particular roles of other conspirators, and avoiding detection by law enforcement are made "in furtherance of" a conspiracy. *United States v. Bhula*, 2021 U.S. Dist. LEXIS 183076 (U.S. District Court of New Mexico 2021).

At the conclusion of the Government's case-in-chief, the Government will ask the Court to make a finding that when it allowed the introduction of co-conspirator statements under Fed. Rule of Evidence 801(d)(2)(E) it found by a preponderance of the evidence: (1) that a conspiracy existed between the declarant, the Defendant and others and (2) that the statements were made "in furtherance of" the conspiracy.

II.

Evidence of Defendant's Character
(Fed. Rules of Evidence 404 and 405)

The Government anticipates that the Defendant will put on witnesses to offer evidence of his character. Fed. Rules of Evidence 404 and 405 allow for the admission of such evidence but limit its scope and the way in which such evidence is offered.

Rule 404(a)(1) sets forth the general prohibition against the use of character evidence "to prove that on a particular occasion the person acted in accordance with the character or trait." However, Rule 404((a)(2)(A) outlines an exception for criminal cases. This exception states, "a defendant may offer evidence of the defendant's pertinent trait which may be proved by testimony about the person's reputation or by testimony in the form of an opinion." See, Fed. Rule of Evidence 405(a); *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002) (a pertinent character trait is one that is relevant to the offense charged). However, Fed. Rule of Evidence 405(b) prohibits the defendant's character witnesses from offering specific instances of conduct unless the pertinent trait is an essential element of the charge, claim or defense. A defendant may introduce evidence of his "law abiding" character whether or not he testifies. *Darland v. United States*, 626 F.2d 1235 (5th Cir. 1980).

The 5th Circuit has determined that evidence of previous "good acts" are not relevant character evidence. *United States v. Marrero*, 904 F.2d 251, 259 (5th Cir. 1990); *United States v. Hudson*, 2011 U.S. Dist. LEXIS 128661 (ED. La. 2011) (the defendant was precluded from introducing specific evidence of his military history); *United States v. Warren*, 2010 U.S. Dist. LEXIS 124063 (E.D. La. 2010) (court excluded one of the defendant's photographs depicting the defendant in rescue operations that he conducted in the wake of Hurricane Katrina).

In *United States v. Wells*, 525 F.2d 974, 976 (5th Cir. 1976) the Court explained that once a witness has testified concerning a defendant's good character, it is permissible during cross-examination to attempt to undermine his/her credibility by asking whether he/she has heard of prior misconduct of the defendant which is inconsistent with the witnesses' direct testimony.

The Government requests that the Court require the Defendant, before putting a character witness on the stand, (1) to inform the Court what pertinent character trait the witness will testify about, (2) to instruct the witness that he/she can only testify as to the their opinion or the Defendant's reputation in the community regarding the pertinent character trait, and (3) to admonish the witness that he/she cannot testify about any specific instances of good conduct.

Respectfully submitted

JENNIFER B. LOWERY
United States Attorney

*/s Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney
Texas State Bar No. 00966600
Federal ID No. 12590
1000 Louisiana
Suite 2300
Houston, Texas 77006
713-567-9000 (office)
713-567-9487 (direct)

*/s Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney
New Jersey Bar No. 04336200
Federal ID No. 915752
1000 Louisiana
Suite 2300
Houston, Texas 77006
713-567-9000 (office)
713-567-9798 (direct)

<u>CERTIFICATE OF SERVICE</u>

On June 7, 2022, the Government filed this Trial Brief via ECF and served counsel of record.

*/s Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney

*/s Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney