UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 4:15-cr-0566-S1 |
| | § | |
| LEE ROY VILLARREAL | § | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT
### OF ADMISSION OF OTHER CRIMES, WRONGS OR ACTS
### (FEDERAL RULE OF EVIDENCE 404(b))

The United States of America ("Government") file this memorandum of in support of the admission of other crimes, wrongs or acts under Federal Rule of Evidence 404(b):

I.

**Facts**

In August 2009, federal law enforcement agents seized approximately 186 pounds of marijuana in Grand Rapids, Michigan. The investigation led to the arrest and prosecution of Ezequiel Mata ("Mata"), Luis Alberto Rivera ("Rivera") and others for drug trafficking.

Mata and Rivera plead guilty and prior to their sentencing hearings they debriefed with federal agents. During their debriefs, both Mata and Rivera told agents that Lee Roy Villarreal ("Defendant") was the source of the seized marijuana, they both identified a photo of the Defendant and that after the seizure they met with the Defendant.

II.

**Defendant's Argument**

The Defendant argues that Mata and Rivera's testimony is not admissible because the evidence has no relevance to his "knowledge of the conspiracy that he is currently charged with

1

[*instant indictment*]". Defendant's argument misunderstands the purpose of the introduction of 404(b) evidence.

Once the Defendant enters a not guilty plea, the Government has the burden of proving the essential elements of charged crime beyond a reasonable doubt. In this case, the Government has the burden to establish that the Defendant knowingly and intentionally conspired to possess with intent to distribute controlled substances. Obviously, an essential element of the crime is the Defendant's knowing and intentional participation in the scheme. Rule 404(b) does not require that this evidence of other crimes, wrongs or acts establish the Defendant's knowledge of any particular conspiracy[1], only that the evidence tend to establish the Defendant's knowledge and intent in the distribution of controlled substances.

Mata and Rivera's testimony that the Defendant participated in the distribution of the marijuana in Grand Rapids, Michigan in 2009 (less than 2 years before the beginning of the conspiracy charged) goes directly to establish this knowledge and intent.

The fact that "Mr. Villarreal was not questioned about, arrested for, indicted on, or convicted in the Michigan allegations" has no bearing on whether this evidence is admissible. Those facts only go to what weight, if any, the jury decides to give such evidence.

III.

**Exclusion of Evidence under Fed. Rule of Evidence 403**

The Defendant argues for exclusion of the evidence because its prejudicial effect substantially outweighs its probative value under Fed. Rule of Evidence 403. In so doing, the Defendant claims:

---

[1] Defendant claims that the 404(b) evidence is only admissible to establish his knowledge of the conspiracy charged in the indictment without any supporting case law.

2

### Unfair Prejudice

The Defendant claims that Mata and Rivera's testimony is "unfair because it weighs far more heavily on Mr. Villarreal's character that it does support the government's theory of intent." This claim, however, makes little sense since any evidence that the Defendant participated in a crime weighs heavily on his character. Furthermore, the Government is not offering the evidence to establish his character but to show intent and knowledge and the Court will instruct the jury accordingly.

### Confusing Issues / Misleading the Jury

The Defendant claims that the jury will use the evidence as character evidence even though the Court will instruct and jury charge will reiterate that such use is impermissible. The Government is confident that the jury will follow the Court's instructions.

### Undue Delay / Wasting Time

Lastly, the Defendant claims the addition of two or three witnesses will cause undue delay and waste time. The Government's anticipates that its direct examination of all three witnesses will not take more than one (1) hour. Obviously, how long the Defendant's cross-examination takes will be up the Court's discretion. In any event, the Government believes that an additional hour or two to a 2-week trial so that justice may be done cannot be considered a waste of time.

The Government request that the Court permit the admission of this evidence.

Respectfully submitted,

JENNIFER B. LOWERY
United States Attorney

**/s Anibal J. Alaniz**
Anibal J. Alaniz
Assistant United States Attorney
Texas Bar No. 00966600
Federal I.D. No. 12590

3

1000 Louisiana
Suite 2300
Houston, Texas 77002
713-567-9000 (office)
713-567-9487 (direct)

*/s Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney
Federal Bar No. 915752
New Jersey Bar No.043362000
1000 Louisiana St., Suite 2300
Houston, TX 77002
713-567-9000 (office)
713-567-9798 (direct)

## CERTIFICATE OF SERVICE

On June 11, 2022, the Government this memorandum in support of the introduction of other crimes, wrongs or acts under Federal Rule of Evidence 404(b).

*/s Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney

*/s Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney